﻿Citation Nr: AXXXXXXXX
Decision Date: 10/31/19 Archive Date: 10/31/19

DOCKET NO. 190709-13221
DATE: October 31, 2019

ORDER

Readjudication of the claim for service connection for an acquired psychiatric disorder to include post-traumatic stress disorder (PTSD) is warranted.

REMANDED

Entitlement to service connection for an acquired psychiatric disorder to include PTSD is remanded.

FINDING OF FACT

New evidence was received after the December 2014 denial that is relevant to the issue of entitlement to service connection for an acquired psychiatric disorder to include PTSD.

CONCLUSION OF LAW

The criteria for readjudicating the claim for service connection for an acquired psychiatric disorder to include PTSD have been met. Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55, § 5108, 131 Stat. 1105 (2017).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from October 2004 to September 2006.

The Board notes that the rating decision on appeal was issued in September 2018. In July 2019, the Veteran elected the modernized review system. 38 C.F.R. § 19.2(d). The Veteran timely appealed this rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

The Board notes that an initial claim of entitlement to service connection for PTSD encompasses other psychiatric disorder diagnoses reasonably raised by the symptoms described and supporting information of record. See Clemons v. Shinseki, 23 Vet. App. 1 (2009). Therefore, the service connection issue for review has been revised to include consideration of other applicable diagnoses.

Whether new and relevant evidence was presented to warrant readjudicating the December 2014 denial of the claim for service connection for an acquired psychiatric disorder to include PTSD

The Veteran contends that she submitted evidence to reopen a claim for service connection for an acquired psychiatric disorder to include PTSD that is new and relevant and warrants readjudication of the issue.

VA will readjudicate a claim if new and relevant evidenced is presented or secured. AMA, Pub. L. No. 115-55, § 5108, 131 Stat. 1105, 1109. “Relevant evidence” is evidence that tends to prove or disprove a matter in issue. AMA, Pub. L. No. 115-55, § 101(35), 131 Stat. 1105, 1105.

The questions in this case are whether the Veteran submitted evidence after the prior final denial of her claim for service connection for an acquired psychiatric disorder to include PTSD, and if so, whether that evidence is new and relevant to her claim.

The Board finds the Veteran submitted new evidence after the prior final rating decision that is relevant to her claim. The Veteran submitted additional lay statements regarding her claimed stressor of military sexual assault (MST) which provide greater detail. Additionally, VA treatment records from May 2016 indicate a DSM-5 diagnosis of PTSD due to MST as well as major depressive disorder, and bulimia. This evidence was submitted after the December 2014 prior final legacy rating decision. The lay statements and the VA treatment records were not already of record and may prove or disprove the current disability element of the claim for service connection for an acquired psychiatric disorder to include PTSD. Readjudication of the claim is warranted.

REASONS FOR REMAND

Entitlement to service connection for an acquired psychiatric disorder to include PTSD is remanded.

The Veteran contends that she is entitled to service connection for an acquired psychiatric disorder, to include PTSD, due to the stressors of experiencing MST, as well as having to help identify and remove deceased from a battle site. The Board notes that the Veteran’s PTSD stressors as described are unconfirmed by VA.

The Veteran received an examination for her claimed mental disorder in December 2014. At that time, the examiner found that the Veteran does not satisfy the criteria for a PTSD diagnosis pursuant to the Diagnostic and Statistical Manual of Mental Disorders, 5th Edition (DSM-5), which is required by VA for a diagnosis of PTSD. See 38 C.F.R. § 4.125(a). However, the Veteran was diagnosed with Alcohol Use Disorder and Amphetamine Use Disorder. The examiner specifically noted inconsistencies regarding the Veteran’s reported stressors and a lack of documentation.

However, VA treatment records from May 2016 reflect a primary DSM-5 of PTSD. Additionally, VA treatment records from March 2018 indicate that the Veteran’s symptoms do meet the DSM-5 criteria for PTSD. VA treatment records also reflect diagnoses of major depressive disorder, anxiety, and bulimia. 

Given the additions to the record since the December 2014 examination report, the Board finds a pre-decisional duty to assist error requiring remand of this claim for a new VA examination to determine whether a PTSD diagnosis is warranted and to determine whether the Veteran has an acquired psychiatric disorder that is related to service.

The matters are REMANDED for the following action:

(Please note, this appeal has been advanced on the Board’s docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

Schedule the Veteran for a VA mental health examination. The entire claims file, to include a complete copy of this Remand, must be made available to the designated examiner and the report of examination should include discussions of the Veteran’s documented history and assertions. 

The examiner should take a history from the Veteran as to the progression of her mental health symptoms. Upon review of the file, interview of the Veteran and examination, the examiner should address each of the following:

(a) The examiner should clearly identify all current psychiatric disabilities. 

(b) Specifically, if PTSD is diagnosed, please discuss the stressor or stressors upon which the diagnosis is based. The examiner should specifically opine as to whether PTSD is at least as likely as not (50 percent or greater probability) related to her active service including the Veteran’s claimed stressors such as MST and having to help identify and remove deceased from a battle site. Attention is invited to her treating professional’s findings for treatment on 5/25/2016, noting PTSD due to MST (See VBMS, document labeled CAPRI, receipt date 8/10/2018, page 72).

(c) For any acquired psychiatric disorder other than PTSD, opine as to whether it is at least as likely as not the disability had onset in, or is otherwise related to her service, to include her claimed in-service stressors.

The examiner is asked to explain the reasons behind any opinions expressed and conclusions reached. Lay contentions must be considered and weighed in making the determination as to whether a nexus exists. The examiner is reminded that the term “as likely as not” does not mean “within the realm of medical possibility,” but rather that the evidence of record is so evenly divided that, in the examiner’s expert opinion, it is as medically sound to find in favor of the proposition as it is to find against it.

 

 

Bethany L. Buck

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board David M. Sebstead, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.